**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000838**
**24-JUN-2015**
**08:04 AM**

NO. CAAP-14-0000838

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff/Appellee,
v.
ROBERT H. ALLEN, Defendant/Appellee,
and
EXODUS BAIL BOND, Real-Party-In-Interest/Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-0963)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Real-Party-in-Interest/Appellant Exodus Bail Bond (Exodus) appeals from an "Order Denying Motion to Set-Aside Bail Forfeiture," entered on April 17, 2014, in the Circuit Court of the First Circuit (circuit court).[1]  Exodus posted bail on behalf of Defendant Robert Allen (Allen), who failed to appear for trial call on January 23, 2014.  On January 29, 2014, the circuit court entered a "Judgment and Order of Forfeiture of Bail Bond" (Bail Forfeiture Judgment) due to Allen's failure to appear.  Exodus received notice of the Bail Forfeiture Judgment on February 7, 2014, and then on March 5, 2014 filed a "Motion to Set-Aside Bail Forfeiture" (Motion to Set-Aside) pursuant to Hawaii Revised

---

[1]  The Honorable Randal K.O. Lee presided.

Statutes (HRS) § 804-51 (2014).[2] After the circuit court denied the Motion to Set-Aside, Exodus filed a "Motion to Reconsider Motion to Set Aside Bail Forfeiture" (Motion to Reconsider) on April 24, 2014 because Allen had been surrendered to authorities.

On appeal, Exodus asserts that (1) the Bail Forfeiture Judgment is void because (a) the Department of Prosecuting Attorney (Prosecuting Attorney) is not permitted to represent Plaintiff-Appellee State of Hawai'i (State) in a bail forfeiture proceeding, and (b) the Prosecuting Attorney is not permitted to enforce the Bail Forfeiture Judgment; and (2) the circuit court erred in denying its Motion to Reconsider.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Exodus's points of error as follows and affirm.

---

[2] HRS § 804-51 provides in pertinent part

> §804-51 Procedure. Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

(1) In violation of Rule 28 of the Hawaiʻi Rules of Appellate Procedure (HRAP), Exodus fails to provide citations in its opening brief to indicate where in the record it raised its arguments before the circuit court. Further, review of Exodus's Motion to Set-Aside and Motion to Reconsider filed in the circuit court reveals that Exodus did not make any argument challenging the Prosecuting Attorney's authority to represent the State regarding bail forfeiture. Exodus also fails to provide transcripts of hearings and thus fails to demonstrate that it raised this argument orally before the circuit court. Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995). Therefore, Exodus has waived its argument challenging the authority of the Prosecuting Attorney to represent the State in bail forfeiture proceedings. State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003); HRAP Rule 28(b)(4).

Even if Exodus had properly preserved the issue for review, this court has considered and rejected Exodus's contention that the Prosecuting Attorney is not authorized to represent the State in bail forfeiture proceedings. See State v. Miles, No. CAAP-13-0000193 (App. June 23, 2015). Further, like in Miles, this case does not involve the enforcement of a bail forfeiture judgment, but rather the issuance of the forfeiture judgment and Exodus's efforts to have that judgment set aside under the provisions of HRS § 804-51.

(2) Exodus contends that the circuit court erred by failing to grant its Motion to Reconsider because Allen was captured two days after the April 1, 2014 hearing on the Motion to Set-Aside, which Exodus argues was newly discovered evidence showing good cause.

A surety may obtain relief from a forfeiture judgment upon "showing good cause why execution should not issue upon the judgment[.]" HRS § 804-51. A surety demonstrates good cause when "it appears that they are unable, through no fault of their own or of the principal, to perform the conditions of the

3

bond[.]" <u>State v. Camara</u>, 81 Hawai'i 324, 330, 916 P.2d 1225, 1231 (1996) (citation omitted). "[A]bsent good cause a surety's failure to surrender the defendant within the thirty-day search period provided by HRS § 804-51 mandates forfeiture of the bond." <u>State v. Vaimili</u>, 131 Hawai'i 9, 17, 313 P.3d 698, 706 (2013).

As noted in <u>State v. Ranger Ins. Co. ex rel James Lindblad, Inc.</u>, 83 Hawai'i 118, 925 P.2d 288 (1996), "HRS § 804-51 permits the filing neither of a *second* motion seeking to show 'good cause why execution should not issue' nor *any* motion after the closing of the thirty-day window." <u>Id.</u> at 124 n.5, 925 P.2d at 294 n.5. Exodus received notice of the Bail Forfeiture Judgment on February 7, 2014. Thus, Exodus's April 24, 2014 Motion to Reconsider was filed well outside the thirty-day window. Exodus's April 24, 2014 Motion to Reconsider was thus an unpermitted and untimely second effort to set aside the Bail Forfeiture Judgment.

Therefore, IT IS HEREBY ORDERED that the "Order Denying Motion to Set-Aside Bail Forfeiture," entered April 17, 2014, and the "Findings of Fact, Conclusions of Law, and Order Denying Exodus Bail Bonds' Motion to Reconsider Motion to Set Aside Bail Forfeiture," entered May 6, 2014, in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, June 24, 2015.


On the briefs:

Anthony T. Fujii
for Real-Party-In-Interest/
Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff/Appellee

Presiding Judge

Associate Judge

Associate Judge

4